# United States Court of Appeals
## For the First Circuit

No. 01-1934

TOP ENTERTAINMENT INC., ANGELO MEDINA D/B/A PRODUCCIONES
ANGELO MEDINA, AND STAR ENTERTAINMENT, INC.,

Plaintiffs, Appellants,

v.

MARIA ORTEGA D/B/A SERVITEL,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Jaime Pieras, Jr., Senior U.S. District Judge]

Before

Torruella, Circuit Judge,
Coffin, Senior Circuit Judge,
and Selya, Circuit Judge.

Kevin G. Little, with whom Law Offices of David Efron was on
brief, for appellants.
Manuel R. Lopez, with whom Wilson, Suarez & Lopez was on
brief, for appellee.

April 5, 2002

**COFFIN, <u>Senior Circuit Judge</u>.** The district court dismissed appellants' case after concluding that they and their counsel flouted a court order and then misled the court in attempting to justify their disobedience. Appellants claim that their actions were not so unreasonable as to justify dismissal of the case. We reject their contention and hold that the dismissal was not an abuse of discretion.

## I. <u>Background</u>

On September 29, 1999, appellants Top Entertainment Inc., Angelo Medina d/b/a Producciones Angelo Medina, and Star Entertainment, Inc. filed a three-page complaint against Maria Ortega, d/b/a Servitel. The complaint cursorily alleged that Ortega falsely purported to be appellants' promoter for a series of Ricky Martin concerts in Peru and Colombia. Later in the case, when the district court ordered appellants to more fully explain the allegations, they made an about-face. Appellants now claim that the parties entered into an agreement that Ortega later breached by failing to promote the concerts within its terms.

On May 24, 2000, the district court filed its Initial Scheduling Conference Call, setting out the details for pre-trial proceedings. On August 8, the parties attended the initial scheduling conference. The district court entered an order on August 30, reflecting the issues discussed during that meeting. Based on the vagueness of the complaint, the August 30 Order

required appellants to, <u>inter alia</u>, "submit an informative motion on or before **August 31, 2000** detailing the terms of the contractual relationship between the parties hereto and how those were breached."  The Civil Notice Log Report (the official record of all orders sent by the docket clerk) reflected that appellants' counsel received the order by facsimile transmission at 1:30 p.m. on August 31, 2000.

Appellants failed to respond to the order and never sought an extension of time to respond.  On November 8, 2000, the court opined that appellants' failure to answer was "both perplexing and disturbing" and issued another order instructing plaintiffs to show cause on or before November 15 as to why the case should not be dismissed for failure to comply with the earlier order.  On November 14, appellants responded, claiming that they did not comply because (1) counsel received the order in September, after the August 31 deadline; and (2) counsel could not contact appellants to flesh out the factual allegations because they were on an extended world tour.  The November 14 response contained approximately one and a half pages of additional factual allegations.

On May 3, 2001, the district court dismissed the action based on appellants' failure to respond timely to the August 30 order.  The district court concluded that appellants' failure was especially prejudicial because the absence of meaningful

allegations in the complaint precluded both appellee from adequately defending herself and the court from effectively managing its docket. This timely appeal followed.

## II. Discussion

### A. The District Court's Dismissal

A district court's dismissal of a case for failure to comply with a court order is reversible only if it was a clear abuse of discretion. See Damiani v. Rhode Island Hosp., 704 F.2d 12, 17 (1st Cir. 1983) (noting that similar claims have "not received a sympathetic ear from us"); see also Robson v. Hallenbeck, 81 F.3d 1, 2-3 (1st Cir. 1996) ("Mindful that case management is a fact-specific matter within the ken of the district court, reviewing courts have reversed only for a clear abuse of discretion."). We find no such clear abuse of discretion here.

We begin with appellants' first contention as to why their failure to respond was justified, namely, that counsel did not receive the order until September. At oral argument, counsel conceded that the August 30 order was "served" on August 31 (i.e., his office was in possession of the faxed document), but asserted that he did not "receive" it until sometime after that date. Counsel's misleading of the district court as to this distinction is unjustifiable. The fact that counsel's office received the faxed order in August would be enough to show that this argument was meritless. However, appellants went beyond the bounds of

-4-

credulity and attempted to excuse their conduct by arguing, in essence, that their failure to respond timely excused them from responding at all. We would be inclined to uphold the district court's decision to sanction appellants even if it were based solely on the absurdity of this argument.

Appellants, however, proffered another faulty justification: that counsel could not contact them to discuss the factual allegations because they were on an extended world tour. This explanation is in reality a confession of deficiency in pleading. Rule 11 of the Federal Rules of Civil Procedure forbids parties and their counsel from alleging factual contentions that lack evidentiary support. Given appellants' about-face regarding the very basis on which the complaint was filed, it is apparent that the complaint violated Rule 11. At oral argument, counsel submitted that the false allegations were a result of miscommunications between he and appellants. Such miscommunications do not excuse the misconduct. Had appellants followed the strictures of Rule 11, counsel would not have needed to contact appellants during their travels to flesh out the factual allegations upon which the case was based.

Additionally, counsel had ethical obligations to remain in contact with appellants while they were traveling. Canon 19 of Puerto Rico's Canons of Professional Ethics provides that

> The lawyer should always keep his client informed about every important issue which arises in the development of the case which has been entrusted to him.

P.R. Laws Ann. tit. 4, App. IX, Canon 19; see also Spiller v. U.S.V. Labs., Inc., 842 F.2d 535, 537 (1st Cir. 1988) ("The defendant should not be made to suffer because the plaintiff has failed to establish an effective means of communication with his attorney."). Counsel's inability to contact his clients thus is not a supportable justification. Especially in this electronic age, where cell phones, email, and pagers have become the norm, it is simply incredible that counsel could not contact his clients for more than two months. Even if communication had been impossible, counsel should have explained the circumstances to the court. Moreover, to the extent that counsel submitted that he had to meet personally with appellants to obtain the information, the leanness of the November 14 response plainly shows that the sought-after information was hardly voluminous, and easily could have been ascertained during a short telephone call. The district court was thus justified in sanctioning appellants based on their deliberate non-responsiveness.

Appellants alternatively claim that even if the court was justified in sanctioning them, dismissal was too harsh, and a lesser sanction would have been appropriate. A single instance of prohibited conduct cannot be a basis for dismissal if the conduct was not "particularly egregious or extreme." Benjamin v. Aroostook

Med. Ctr., Inc., 57 F.3d 101, 107 (1st Cir. 1995).  We have given as examples of such conduct "extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstance."  Cosme Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir. 1987).  Here, after concluding that the allegations in the complaint were vague, the court gave appellants the opportunity to correct those deficiencies.  Not only did appellants fail to respond, but when they finally did, they misrepresented to the court that they did not timely receive the order, and essentially declared that appellants' travel schedule was more important than the court's order.  All of these actions gave the district court ample reason to dismiss the case.[1]

Furthermore, as we have concluded in the past, "it is well settled that the question on review is not whether we would have imposed a more lenient penalty had we been sitting in the trial judge's place, but whether the trial judge abused his discretion in imposing the penalty he did."  Spiller, 842 F.2d at 537; see also Figueroa Ruiz v. Alegria, 896 F.2d 645, 649 (1st Cir. 1990) (finding that district court need not consider lesser sanctions where a party is "guilty not only of simple delay but of

---

[1]  We do not factor into our analysis appellee's catalogue of appellants' other alleged transgressions.  The district court relied only on the circumstances surrounding the August 30 order, which, as discussed above, provided sufficient authority to dismiss the case.

disobedience of a court order as well"); Farm Constr. Servs., Inc. v. Fudge, 831 F.2d 18, 20 (1st Cir. 1987) (holding that a court need not "attempt less severe sanctions before turning to the sanction of dismissal"). Likewise, we reject the argument that appellants should not be punished for the misdeeds of their counsel.[2] See Link v. Wabash R.R. Co., 370 U.S. 626, 633-34 (1962) ("There is certainly no merit to the contention that dismissal [because of] counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation. . . ."); see also Farm Constr. Servs., 831 F.2d at 18 ("This Circuit, following Link, has turned a 'deaf ear' to the plea that the sins of the attorney should not be visited upon the client.") (collecting cases).

B.   Appellee's Motion for Appellate Sanctions

Finally, we turn to appellee's motion for appellate sanctions, based on the frivolity of this appeal. Rule 38 of the Federal Rules of Appellate Procedure permits us to levy sanctions against a party that brings a frivolous appeal. The purpose of such a

---

[2]   Velazquez-Rivera v. Sea-Land Service, Inc., 920 F.2d 1072 (1st Cir. 1990), the only case cited by appellants in support of this argument, is not on point. Rather, that case stands only for the unremarkable proposition that dismissal is an improper sanction for inadvertent, as opposed to willful, failures.

penalty is to "discourage litigants from wasting the time and monetary resources of both their opponents and the nation's judicial system with legal arguments that do not merit consideration." E.H. Ashley & Co. v. Wells Fargo Alarm Serv., 907 F.2d 1274, 1280 (1st Cir. 1990). Appellants chose not to file a substantive response, instead relying on their appellate briefs.

We have already concluded that appellants willfully disobeyed the district court, and then compounded their problems by misleading the court as to when the order was received. This was therefore not a dismissal based on isolated or inadvertent conduct. Moreover, throughout this appeal, appellants have in one breath characterized their actions as "unintentional," and in the next, explained that they deliberately waited until the conclusion of the world tour to obtain the information. Mere characterizations of actions as unintentional cannot carry the day. Given the clear evidence that appellants' actions were deliberate, even a cursory reading of the caselaw would have led to the conclusion that the district court could not have abused its discretion in dismissing the case. See, e.g., Morgan v. Mass. Gen. Hosp., 901 F.2d 186, 195 (1st Cir. 1990) ("[W]e cannot find that the district court abused its discretion where, as here, the appellant willfully violated procedural rules and orders of the district court."). Because both the record and the relevant caselaw are plain, it is obvious that appellants had no realistic chance of success in this appeal. See

-9-

<u>Transnational Corp.</u> v. <u>Rodio & Ursillo, Ltd.</u>, 920 F.2d 1066, 1072 (1st Cir. 1990) (finding that an appeal is "frivolous when the appellant should have realized the weakness of his legal position").

We also conclude that counsel played a significant role in unnecessarily prolonging this case. As discussed above, counsel admitted that the allegations in the complaint were false (and thus violated Rule 11 of the Federal Rules of Civil Procedure). Furthermore, until oral argument, counsel continued to assert that he did not timely receive the Order. Therefore, we find that counsel and appellants should be held jointly and severally liable for sanctions. <u>See</u> <u>Cruz</u> v. <u>Savage</u>, 896 F.2d 626, 635 (1st Cir. 1990) (assessing sanctions against an attorney for frivolous appeal); <u>see also</u> <u>Bartel Dental Books Co.</u> v. <u>Schultz</u>, 786 F.2d 486, 491 (2d Cir. 1986) ("Attorneys can be held jointly and severally liable with their clients under Rule 38 for bringing frivolous appeals."). As our opinion indicates, the basis for the district court's action and for the awarding of sanctions is fully revealed in the briefs of the parties. The facts are few and the law is clear. But appellee not only delayed the filing of her motion for sanctions until shortly before oral argument, but favored us with thirty pages of briefing. The irritation produced by lengthy frustration does not justify adding overextended argumentation to

our workload.  Accordingly, we award double costs and attorneys'
fees in the amount of $2000.

**The district court judgment is affirmed.**