# United States Court of Appeals
## For the First Circuit

No. 02-2703

TOP ENTERTAINMENT, INC., ANGELO MEDINA, and
STAR ENTERTAINMENT, INC.,

Plaintiffs, Appellees,

v.

WATSSON HEBERT TORREJON,
as Assignee for Maria Ortega,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Jaime Pieras, U.S. District Judge]

Before

Boudin, Chief Judge,
Torruella, Circuit Judge,
and Lynch, Circuit Judge.

Kevin Little with whom Law Offices of David Efron was on brief for appellees.
Manuel R. Lopez with whom Wilson Suarez & Lopez was on brief for appellant.

November 20, 2003

**LYNCH**, **Circuit Judge**.  Watsson Hebert Torrejon, as assignee defendant for Maria Ortega, appeals the district court's denial of sanctions under Puerto Rico R. Civ. P. 44.1(d).  For the reasons that follow, we vacate and remand.

Plaintiffs Top Entertainment, Inc., Angelo Medina (d/b/a Producciones Angelo Medina), and Star Entertainment, Inc. brought a contract action in September 1999 against Maria Ortega (d/b/a Servitel) in federal district court in Puerto Rico.  The district court found that the original complaint was vague and cursory and ordered plaintiffs, in an Initial Scheduling Order, to detail the terms of the parties' contractual relationship and how those terms were breached.  Plaintiffs neither complied with this order nor sought an extension.  The court then ordered plaintiffs to show cause why the case should not be dismissed for noncompliance with the scheduling order.  Plaintiffs filed a lame response in which they offered a string of implausible excuses and added new factual allegations that were completely inconsistent with the allegations in the original complaint.  The court found that plaintiffs had engaged in extreme misconduct in failing to comply with the scheduling order and dismissed the action with prejudice.

In Top Entm't Inc. v. Ortega, 285 F.3d 115 (1st Cir. 2002), this court addressed plaintiffs' appeal from that dismissal for failure to comply with the Initial Scheduling Order.  This court noted that plaintiffs had made a complete about-face in the

-2-

district court from the position stated in their complaint when they belatedly attempted to revise their allegations in response to the court's order to show cause. 285 F.3d at 117, 118. Furthermore, plaintiffs' counsel admitted that the allegations in the original complaint were false. Id. at 120. This court noted that it was "apparent that the complaint violated Rule 11." Id. at 118. We also noted that plaintiffs' counsel had made misrepresentations to the district court and had willfully disobeyed the district court's order. Id. at 119. Accordingly, we affirmed the dismissal and awarded double costs and attorney's fees of $2,000 to defendant because plaintiffs' appeal was frivolous. Id. at 119-20. The opinion issued on April 5, 2002. Mandate issued on May 17, 2002.

Plaintiffs did not pay the sums ordered by this court. On September 30, 2002, Watsson Hebert Torrejon, Ortega's assignee, filed a Motion to Compel Compliance with Mandate of First Circuit Court of Appeals and for Contempt. That same day, Torrejon filed a Motion for Sanctions under Rule 44.1(d) of the Puerto Rico Rules of Civil Procedure. The motion alleged that plaintiffs and their attorney had acted, in the language of Rule 44.1(d), "obstinately or frivolously" in bringing a baseless claim, in pursuing a frivolous appeal, and in refusing to comply with this court's order. Defendant sought to recover over $150,000 in attorney's

fees, travel costs, and other litigation expenses. Plaintiffs filed no opposition to this motion.

On October 23, 2002, the district court ordered plaintiffs and their counsel to pay the sanctions imposed by this court by November 21, 2002 or face further sanctions. The district court denied the motion for contempt and denied defendant's application for the further fees that resulted from plaintiffs' failure to comply with this court's order. On November 20, plaintiffs and their counsel finally complied with this court's sanctions order.

Also on October 23, 2002, the district court responded to defendant's Motion for Sanctions with the following order:

> Defendants' request for further sanctions is hereby **DENIED** as the Court views the sanctions already imposed on Plaintiffs as adequate.

Torrejon appeals from this denial of his Rule 44.1(d) motion.

## I.

The gist of defendant's appeal is that once a determination has been made that a party or its lawyer has acted obstinately or frivolously, then under Puerto Rico R. Civ. P. 44.1(d), the district court <u>must</u> impose sanctions in the amount of the moving party's attorney's fees. Defendant argues that this court's determination that the original complaint violated Rule 11 and the district court's earlier dismissal of the action must mean

-4-

that plaintiffs acted obstinately and frivolously, thus satisfying the preconditions of the rule.

Rule 44.1(d) provides:

(d) Attorney's Fees. -- In the event any party or its lawyer has acted obstinately or frivolously, the court shall, in its judgment, impose on such person the payment of a sum for attorney's fees which the court decides corresponds to such conduct.

Our review of the district court's denial of the Rule 44.1(d) motion is for abuse of discretion. Newell P.R., Ltd. v. Rubbermaid Inc., 20 F.3d 15, 24 (1st Cir. 1994). Where a legal error is committed, there is by definition an abuse of discretion. Goya Foods, Inc. v. Wallack Mgmt. Co., 290 F.3d 63, 75 (1st Cir. 2002).

The basic parameters that should guide the district court in applying Rule 44.1(d) are well established. See Correa v. Cruisers, A Division of KCS Int'l, Inc., 298 F.3d 13, 30-31 (1st Cir. 2002). The Supreme Court of Puerto Rico has stated: "The main purpose of awarding attorney's fees in cases of obstinacy is to impose a penalty upon a losing party that because of his stubbornness, obstinacy, rashness, and insistent frivolous attitude has forced the other party to needlessly assume the pains, costs, efforts, and inconveniences of a litigation." Fernández Mariño v. San Juan Cement Co., 18 P.R. Offic. Trans. 823, 830 (1987).

This court has explained that under Rule 44.1(d), "[a] finding of obstinacy requires that the court determine a litigant to have been unreasonably adamant or stubbornly litigious, beyond

the acceptable demands of the litigation, thereby wasting time and causing the court and the other litigants unnecessary expense and delay." De León López v. Corporación Insular de Seguros, 931 F.2d 116, 126 (1st Cir. 1991). Once the court has determined that a party has engaged in obstinate conduct, the case law holds that imposition of attorney's fees is mandatory. Fernández Mariño, 18 P.R. Offic. Trans. at 829; Correa, 298 F.3d at 30; Dopp v. Pritzker, 38 F.3d 1239, 1252 (1st Cir. 1994); cf. P.R. R. Civ. P. 44.1(d) (stating that the court "shall" impose attorney's fees in cases of obstinacy). However, the court, in its discretion, may determine the amount of fees awarded. Correa, 298 F.3d at 30; Dopp, 38 F.3d at 1252.

The language of Rule 44.1(d) itself does not require an award of "reasonable" attorney's fees; the rule leaves it to the judgment of the court to pick a sum that "corresponds to such conduct." Still, given the purposes of the statute, the reasonableness of the fees awarded in light of the misconduct that took place is surely a factor in evaluating whether there was an abuse of discretion.

There are several possible interpretations of the district court's order denying Torrejon's Motion for Sanctions. Plaintiffs maintain that the district court denied sanctions because their conduct was not obstinate or frivolous. They point to the fact that defendant's Motion for Sanctions was denied, not

-6-

granted, and to the court's finding that the existing sanctions were adequate.  But if the basis for the district court's order was that none of plaintiffs' conduct was obstinate or frivolous, that would be hard to square with plaintiffs' admission that the original complaint was false and with this court's conclusion that the filing of that complaint violated Rule 11.  Plaintiffs argue that their late-tendered revision of the complaint was proper; defendant strenuously asserts that it was not and that, in addition, plaintiffs consistently failed to comply with discovery deadlines and other court orders.  In any event, there was no determination by the district court of the adequacy of the belated filing because the case was dismissed for failure to comply with the Initial Scheduling Order.

Alternatively, the district court may have implicitly concluded that the plaintiffs' actions were obstinate or frivolous, but thought that the sanctions imposed by this court for the frivolous appeal were adequate to cover any misconduct in the trial court as well.  If so, that would be problematic.  The sanctions imposed by this court were for conduct on appeal, not conduct in the trial court.  See Top Entm't, 285 F.3d at 119 (imposing sanctions "based on the frivolity of this appeal").

Another alternative is that the district court implicitly found the plaintiffs' actions in the district court to be obstinate or frivolous, properly did not consider the sanctions imposed for

the frivolous appeal, and nevertheless concluded that the sanction of dismissal imposed by the district court was alone enough. That, too, would be problematic. The district court's dismissal was entered under Fed. R. Civ. P. 37(b)(2) and 41(b) and Rule 314(4) of the Local Rules for the District Court for the District of Puerto Rico. The dismissal did not purport to be related to Rule 44.1(d). Rule 44.1(d) embodies a policy judgment by the Puerto Rico legislature that obstinate and frivolous actions <u>require</u> the imposition of some attorney's fees as a sanction.

## II.

This leaves one more issue. Watsson Hebert Torrejon has sought attorney's fees against plaintiffs' counsel, David Efron, for having filed a motion with this court to dismiss the appeal, inter alia, for lack of standing on the grounds that there was no valid assignment from Ortega to Torrejon, and for purported misconduct. We agree that the motion was baseless and frivolous and that the actions of plaintiffs' counsel deserve sanction. In the earlier appeal, this court granted the assignee's motion to substitute parties on his filing of copies of a January 7, 2002 Irrevocable Assignment and of Ortega's January 16, 2002 death certificate. The district court also permitted substitution. The issue raised by the motion had been twice decided against plaintiffs when the motion was filed. This conduct "unreasonably and vexatiously" multiplied the proceedings in this case and thus

violated 28 U.S.C. § 1927.  We award Torrejon $4,000 to cover reasonable attorney's fees, costs, and expenses generated by the baseless motion to dismiss filed by plaintiffs' attorney.  The award is against attorney David Efron.

## III.

For these reasons, we **vacate** the order and **remand** to the district court for reconsideration of defendant's Rule 44.1(d) motion, which is premised on very serious allegations.  Costs of appeal are awarded to Watsson Hebert Torrejon.

In addition, Watsson Hebert Torrejon is awarded attorney's fees, costs, and expenses under 28 U.S.C. § 1927 against attorney David Efron in the amount of $4,000.

So ordered.