

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-17-2003

# Stefanoni v. Bd Chosen Burlington

Precedential or Non-Precedential: Non-Precedential

Docket 01-3755

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Stefanoni v. Bd Chosen Burlington" (2003). *2003 Decisions.* Paper 649.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/649

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 01-3755 & 02-1379

_____

ELIZABETH STEFANONI;
ZACHARY STEFANONI,
                              Appellants

v.

BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF BURLINGTON;
BURLINGTON COUNTY SHERIFF'S DEPARTMENT;
GARY L. DANIELS, SHERIFF OF BURLINGTON COUNTY

_____

On Appeal from the United States District Court
for the District of New Jersey
D.C. Civil Action No. 99-cv-02754
(District Judge: Honorable Joel A. Pisano)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 14, 2003

Before: SCIRICA, BARRY and SMITH, <u>Circuit</u> <u>Judges</u>

(Filed: April 17, 2003)

_____

OPINION OF THE COURT

_____

SCIRICA, *Circuit Judge*.

Plaintiffs, Elizabeth and Zachary Stefanoni, appeal the grant of summary judgment in favor of defendants and the award of attorney's fees to defendants. For the following reasons, we will affirm.

## I.

The Burlington County sheriff hired Elizabeth and Zachary Stefanoni as investigators in 1995. On June 15, 1999, Elizabeth and her husband Zachary Stefanoni sued defendants, Board of Chosen Freeholders, the Burlington County Sheriff's Department and Gary L. Daniels, the Sheriff, under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e *et seq*., and the New Jersey Law Against Discrimination, N.J. Stat. Ann. 10:5-1 *et seq*. Elizabeth Stefanoni filed claims of sexual harassment under theories of hostile work environment and *quid pro quo* harassment. Elizabeth and Zachary Stefanoni alleged they were fired from their positions at the sheriff's office in retaliation for formal sexual harassment charges Elizabeth Stefanoni filed with her immediate supervisor, Sergeant Leo Vanderbilt, against Sheriff Daniels on February 20, 1998.[1]

Elizabeth Stefanoni's sexual harassment claims were based upon two instances of physical contact with Sheriff Daniels and five compliments from Sheriff Daniels on her

---

[1]Sergeant Vanderbilt gave the letter to his supervisor, who referred the matter to the Burlington County prosecutor and the New Jersey attorney general's office. After a three month investigation, the attorney general's office determined Elizabeth Stefanoni's allegations against Sheriff Daniels were "lacking in credibility and unsubstantiated," and "the acts complained of do not constitute criminal sexual contact or sexual harassment." On May 27, 1998, the Burlington County solicitor apprised Elizabeth Stefanoni of the investigation's conclusions.

hair and perfume over a twenty-two month span.[2]  Elizabeth and Zachary Stefanoni's

retaliation claim relates to an audit instituted against them by the sheriff's department on

the recommendation of the Burlington County prosecutor who conducted the investigation

of Elizabeth Stefanoni's sexual harassment allegations.  The audit yielded evidence of

department policy violations relating to secondary employment, improper telephone use

and unauthorized use of the county building.  Consequently, Burlington County filed formal

charges against Elizabeth and Zachary Stefanoni.[3]  The county hearing officer sustained the

---

[2]On September 2, 1997, Sheriff Daniels allegedly offered to have Elizabeth Stefanoni excused from jury duty.  After Elizabeth Stefanoni accepted Sheriff Daniels' offer, he allegedly "reached over, removed a piece of hair from the side of [her] mouth, and brushed [her] breast."  At her deposition Elizabeth Stefanoni testified that the breast brushing lasted for "maybe a second."  But Stefanoni conceded, "I didn't know whether he did it intentionally at that time" and acknowledged "maybe it was an accident."  On November 17, 1997, Sheriff Daniels and Elizabeth Stefanoni shared a hug in a courthouse conference room that lasted for maybe a second.  After the hug, Sheriff Daniels opened the conference room door for Elizabeth Stefanoni and allegedly brushed his hand on the small of her back with his fingers touching her upper buttocks area while she walked by.  This contact lasted for a second.

[3]The County charged Elizabeth and Zachary Stefanoni with:

(1) Incompetency and inefficiency or failure to perform duties; (2) Chronic or excessive absenteeism or lateness; (3) Conduct unbecoming a public employee; (4) Neglect of Duty; (5) Misuse of public property; (6) Violation of office policy regarding the use of cellular phones; (7) Unauthorized use of cellular phones; (8) Entering a County building for other than investigative work; (9) Inappropriate use of sick time; (10) Failure to submit a doctors note as is required by departmental policy; (11) Submission of false over time records and telephone calls; (12) Inappropriate use of county telephone; and (13) Failure to reimburse county for personal calls.

In addition, Burlington County charged Elizabeth Stefanoni with (14) Falsification of requests for military leave and Zachary Stefanoni with (14) Violation of department policy

(continued...)

3

charges, and Burlington County terminated Elizabeth and Zachary Stefanoni on July 21, 1998.

After discovery, the District Court granted defendants' motions for summary judgment and award of attorney's fees. Elizabeth and Zachary Stefanoni argue on appeal that the District Court erroneously accepted as true the defendants' proffered facts and improperly weighed the evidence against them. They appeal the award of attorney's fees in the amount of $90,222.14 on the grounds that their case was not frivolous, unreasonable, or groundless.

## II.

We exercise plenary review and apply the same standard as the District Court. *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 278 (3d Cir. 2000). The movant is entitled to summary judgment "'if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgement as a matter of law.'" *Id*. (quoting Fed. R. Civ. P. 56(c)). We must "view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." *Id*. (internal quotation marks omitted)

---

[3](...continued)
concerning outside employment; and (15) Reporting for secondary employment while calling out sick.

The first element of a hostile work environment claim under Title VII is "intentional discrimination because of sex." *Kunin v. Sears Roebuck and Co.*, 175 F.3d 289, 293 (3d Cir. 1999). According to Elizabeth Stefanoni, aside from the touching episodes, the compliments Sheriff Daniels paid her "are the only things I can ever think that he might have done inappropriately, if you consider that inappropriate." These compliments on her appearance do not provide evidence of intentional sexual discrimination where the plaintiff does not subjectively perceive them as inappropriate (much less hostile) and acknowledges that a reasonable person may not perceive them as inappropriate or hostile. *See, e.g.*, *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 715 (3d Cir. 1997) (explaining that violation of Title VII requires that plaintiff show subjective perception of his or her environment as hostile and that reasonable person of the same gender would perceive environment as hostile).

The touching episodes, even aggregated with the compliments, do not provide evidence of intentional gender discrimination under Title VII. After the September 2, 1997, episode, Elizabeth Stefanoni conceded she did not know if the sheriff brushed her breast intentionally. This admission bars a claim for intentional discrimination. In the November 17, 1997 episode, a confrontation[4] at the Burlington County courthouse between Elizabeth Stefanoni and her ex-husband prompted Sheriff Daniels to place an armed guard

---

[4]Elizabeth and Zachary Stefanoni began an extramarital affair shortly after the Sheriff's Department hired them. They obtained divorces and later married in May 1998. Elizabeth Stefanoni revealed her infidelity to her ex-husband prior to the confrontation at the courthouse.

outside Zachary Stefanoni's office. After the confrontation, Sheriff Daniels asked Elizabeth Stefanoni to speak with him in the courthouse conference room. Among other things, Sheriff Daniels revealed to Elizabeth Stefanoni that her ex-husband threatened to kill Zachary Stefanoni in the courthouse that day. After the sheriff expressed his empathy and Elizabeth Stefanoni thanked him for his concern, the two hugged and exited the conference room. Although Elizabeth Stefanoni alleges she was upset, the District Court held that a reasonable woman in these circumstances would not have been detrimentally affected. *Stefanoni v. Board of Chosen Freeholders*, No. 99-CV-2754 (D.N.J. Sept. 21, 2001); *see also Kunin*, 175 F.3d at 293 (providing plaintiff must show alleged discrimination would "detrimentally affect a reasonable person of the same sex in that position"). Even crediting Elizabeth Stefanoni's assertions, including Sheriff Daniel's brushing his hand on her breast and top of buttocks, Title VII "forbids only behavior so objectively offensive as to alter the 'conditions' of the victim's employment." *Oncale v. Sundowner Offshore Servs.*, 523 U.S. 75, 81 (1998). This did not occur here.

Under the New Jersey Law Against Discrimination, a plaintiff must show "the complained of conduct . . . would not have occurred *but for* the employee's gender." *Lehmann v. Toys R Us, Inc.*, 626 A.2d 445, 453 (N.J. Sup. Ct. 1993). But Elizabeth Stefanoni " never seems . . . able to point her finger to anything specifically indicating that she was discriminated against based on gender." *Herman v. Coastal Corp.*, 791 A.2d 238, 248 (N.J. Super. Ct. App. Div. 2002), *certification denied*, 807 A.2d 195 (N.J. Sup. Ct. 2002) (internal quotation marks omitted). "[W]hen a plaintiff alleges that she has been

6

subjected to sexual touchings or comments, or where she has been subjected to harassing comments about the lesser abilities, capacities, or the 'proper role' of members of her sex, she has established that the harassment occurred because of her sex." *Lehmann*, 626 A.2d at 454. The evidence of touching here does not rise to actionable behavior. Furthermore, Sheriff Daniels never complained "that plaintiff could not perform her job adequately because of her sex, nor did he make any comments about females in general being less competent." *Reyes v. McDonald Pontiac GMC Truck, Inc.*, 997 F. Supp. 614, 618 (D.N.J. 1998). Accordingly, a reasonable juror could not conclude Elizabeth Stefanoni showed "by a preponderance of the evidence that she suffered discrimination because of her sex." *Lehmann*, 626 A.2d at 454.

Under Title VII, a prima facie claim for *quid pro quo* sexual harassment requires a plaintiff to demonstrate submission to or rejection of "unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature." *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 27 (3d Cir. 1997). Elizabeth Stefanoni alleges she became upset when Sheriff Daniels briefly brushed her breast, hugged her, and briefly brushed his hand on her lower back and buttocks. But these episodes do not amount to actionable conduct. Elizabeth Stefanoni does not allege that she acquiesced in the sheriff's alleged sexual conduct or that she rejected the sheriff's sexual advances. Therefore, her claim for *quid pro quo* harassment lacks merit and does not raise a triable issue of fact.

**III.**

7

We review the District Court's award of attorney's fees for abuse of discretion. *EEOC v. L.B. Foster Co.*, 123 F.3d 746, 750 (3d Cir. 1997). Under 42 U.S.C. § 2000e-5(k), a district court may award reasonable attorney's fees to defendants in a Title VII proceeding "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." *Id.* at 750-751 (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)). The District Court correctly concluded that Elizabeth and Zachary Stefanoni's allegations did not establish a prima facie case on any of their theories of discrimination. *Stefanoni v. Board of Chosen Freeholders*, 180 F. Supp.2d 623, 633 (D.N.J. 2002); s*ee also L.B. Foster Co.,* 123 F.3d at 750-751 (providing that failure to establish prima facie case is factor to consider in awarding attorney's fees to defendant). Their claims did not survive summary judgment because "the plaintiffs did not introduce any evidence in support of their claims." *Id.* at 751. Therefore, we conclude the District Court did not abuse its discretion.[5]

**IV.**

---

[5]We note that Stefanoni only contends that her suit was not frivolous, unreasonable, or without foundation. She has not argued the amount of attorney's fees awarded was unreasonable. The District Court correctly observed that it did not have discretion to decrease a fee award based on factors not raised at all by the adverse party. *Stefanoni*, 180 F. Supp.2d at 634 (citing *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990)). The District Court properly exercised its discretion by calculating the lodestar amount based on the number of hours worked and the hourly rates charged. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (providing that the "most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.").

8

For the reasons set forth, we will affirm the District Court's grant of summary

judgment to defendants and award of attorney's fees in the amount of $90,222.14.

_____

TO THE CLERK:

    Please file the foregoing opinion.


                                   /s/ Anthony J. Scirica
                                       Circuit Judge