[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 23, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-10335
Non-Argument Calendar

_____

D. C. Docket No. 05-20828-CV-DLG

MONTGOMERY BLAIR SIBLEY,

Plaintiff-Appellant,

versus

JAY LEVY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 23, 2006)**

Before TJOFLAT, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Montgomery Blair Sibley, an attorney proceeding  pro se, appeals the grant

of attorney's fees to Jay Levy, the defendant, which were awarded pursuant to 42 U.S.C. § 1988, because the complaint that Sibley brought against Levy, under 42 U.S.C. §§ 1983, 1985(2), was frivolous. The substance of the underlying complaint was that Sibley saw, but did not hear, the substance of a conversation between Levy and two Florida appellate court judges in a lounge during a court recess, and, the conversation violated Sibley's rights under §§ 1983, 1985(2). The district court found that Levy was entitled to attorney's fees because: (1) Sibley did not and could not establish a prima facie action under either section; (2) his case was dismissed before trial; and (3) it was without merit or foundation.

Sibley argues on appeal that the district court erred in finding that his complaint was frivolous, and, additionally, because he was not allowed to amend his complaint to respond to the deficiencies, there was a violation of his due process rights and an abuse of discretion.

We review the district court's imposition of attorneys' fees and costs pursuant to § 1988 for an abuse of discretion. Baker v. Alderman, 158 F.3d 516, 521 (11th Cir. 1998). "'An abuse of discretion occurs if the judge fails to apply the proper legal standard or to follow proper procedures in making the determination, or bases an award upon findings of fact that are clearly erroneous.'" ACLU v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999) (quoting In re Hillsborough Holdings

2

Corp., 127 F.3d 1398, 1401 (11th Cir. 1997)).

Under § 1988, a prevailing defendant is entitled to recover attorney's fees if "the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978). "In determining whether a suit is frivolous, 'a district court must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful.'" Sullivan v. Sch. Bd. of Pinellas County, 773 F.2d 1182, 1189(11th Cir. 1985) (internal citation omitted). The three factors we have noted to be used in determining if a claim was frivolous are: "(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." Id. Typically, cases that are frivolous have been dismissed before trial, on summary judgment or on a motion to dismiss. Id.

Section 1983 creates a civil remedy against any person who deprives another of a constitutional or federal right under color of state law. 42 U.S.C. § 1983. In order to prevail in a § 1983 action, a plaintiff must show that he was deprived of a federal right by a person acting "under color of state law." Griffin v. City of

3

Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001). "Only in rare circumstances can a private party be viewed as a 'state actor ' for § 1983 purposes." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). Section 1985(2) creates a private cause of action against any two or more people who conspire to (1) threaten, intimidate, or forcefully deter any party or witness from testifying truthfully or attending court, (2) injure a witness or party for attending court or testifying, (3) influence the verdict, or (4) hinder the course of justice in any manner with the intent or depriving a citizen of the equal protection of the law. 42 U.S.C. § 1985(2). A § 1985 claim requires "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." United Brotherhood of Carpenters & Joiners of America, Local 610 v. Scott, 463 U.S. 825, 835, 103 S.Ct. 3352, 3359, 77 L.Ed.2d 1049 (1983); Childree, 92 F.3d at 1147.

The district court did not abuse its discretion in granting attorney's fees as it properly used the Sullivan frivolity test and determined that Sibley's claim was meritless because Sibley failed to state a prima facie case under 42 U.S.C. §§ 1983, 1985(2). As to his other arguments – the denial of due process the district court abuse of discretion by denying his claim without allowing him to amend – Sibley is attempting to appeal the underlying judgment dismissing his complaint, which

4

we cannot hear, as that the appeal has been dismissed for a failure to prosecute.

**AFFIRMED.**