Elisa **SANTIAGO–PEREZ,**
et al., Plaintiffs,

v.

**STATE INSURANCE FUND
CORPORATION, et al.,**
Defendants.

Civil No. 05–1625 (GAG).

United States District Court,
D. Puerto Rico.

Feb. 7, 2008.

Efrain Maceira–Ortiz, Urb. Perez Morris, San Juan, PR, for Plaintiffs.

Francisco A. Ojeda–Diez, P. R. Department of Justice, San Juan, PR, Johanna M. Emmanuelli–Huertas, Pedro Ortiz Alvarez Law Offices, Ponce, PR, for Defendants.

## OPINION AND ORDER

GUSTAVO A. GELPI, District Judge.

Plaintiffs Hector Efrain Perez Perez ("Perez"), his wife and their conjugal legal partnership (hereinafter collectively "plaintiffs") filed this suit alleging various constitutional rights violations pursuant to 42 U.S.C. § 1983 and negligence under Article 1802 of the Civil Code of Puerto Rico, P.R. Laws Ann. tit. 31, § 5141 (Docket No. 1). Codefendants State Insurance Fund Corporation, Nicolas Lopez Pena, Luis Ramos, Salvador F. Rovira Rodriguez, Luis A. Villahermosa Martinez, Felix A. Ortiz Collazo, Luis Ramos Navarro, Nelly E. Correa De Leon, Rafael Cabrera Cotto, Gloria Oliveras, the conjugal partnership of all codefendants, ABC and XYZ Insurance Company (hereinafter collectively "defendants") moved for summary judgment as to the federal causes of action (Docket No. 88). This court issued an Opinion and Order granting defendants' motion for summary judgment as to the Section 1983 causes of action and dismissing the state law causes of action without prejudice (Docket No. 110). At this time, defendants request that the court award them attorney fees pursuant to 42 U.S.C. § 1988, or in the alternative under 28 U.S.C. § 1927, on the ground that this suit was totally unfounded, frivolous and unreasonable (Docket No. 115). Plaintiffs did not appeal the judgment dismissing the case nor opposed the pending motion. After a thorough review of all pleadings and pertinent law, the court **GRANTS** defendants' motion for attorney fees (Docket No. 115) [1].

## I. 42 U.S.C. § 1988

Defendants request reasonable attorney fees pursuant to 42 U.S.C. § 1988, which states in pertinent part:

In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.

The Supreme Court has defined the term "prevailing party" as "a party in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). As long as the party has prevailed on the merits of some of the claims, then the party will be considered as "prevailing" and awarding of attorney fees is permissible at the district court's discretion. *See id.* at 603, 121 S.Ct. 1835; *see also Tang v. State of R.I., Dep't of Elderly Affairs*, 163 F.3d 7, 13 (1st Cir.1998). In order for a defendant to recover attorney fees from the plaintiff, the plaintiff's action must be frivolous, unreasonable, or without foundation. *See Hughes v. Rowe*, 449 U.S. 5, 14, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); *see also Bercovitch v. Baldwin Sch., Inc.*, 191 F.3d 8, 10 (1st Cir.1999). "The plaintiff's action must be meritless in the sense that it is groundless or without foundation." *Hughes*, 449 U.S. at 14, 101 S.Ct. 173; *see also Tang*, 163 F.3d at 14. Bad faith is not a pre-requisite, but "if a plaintiff is found to have brought or continued such a claim in bad faith, there will be an

---

1. The court notes that typically prevailing defendants in Section 1983 cases will not recover fee awards under Section 1988. However, the particular facts of this case, which the court finds extreme, compel such an award here.

even stronger basis for charging him with the attorney's fees incurred by the defense." *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n,* 434 U.S. 412, 422, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978); *see also Tang,* 163 F.3d at 14. Good faith is not a defense. *See Tang,* 163 F.3d at 14.

■ "[T]he court must assess the claim at the time the complaint was filed, and must avoid the post-hoc reasoning that, because the plaintiff did not ultimately prevail, the claim must have been frivolous, unreasonable or without foundation." *Tang,* 163 F.3d at 13; *see also Andrade v. Jamestown Hous. Auth.,* 82 F.3d 1179, 1192 (1st Cir.1996). Cases in which plaintiffs at the summary judgment stage fail to introduce any evidence supporting their claims, are also candidates for a finding of frivolity or lack of foundation for purposes of awarding attorney's fees. *See Sullivan v. Sch. Bd. of Pinellas County,* 773 F.2d 1182, 1189 (11th Cir.1985); *see also Sibley v. Levy,* 203 Fed.Appx. 279, 280–81 (11th Cir.2006); *Dutton v. Univ. Healthcare Sys., L.L.C.,* 136 Fed.Appx. 596, 604–05 (5th Cir.2005); *Stefanoni v. Bd. of Chosen Freeholders of the County of Burlington,* 65 Fed.Appx. 783, 787 (3rd Cir.2003); *Bobe–Muñiz v. Caribbean Rest., Inc.,* 76 F.Supp.2d 171, 175 (D.P.R.1999).

■ Even upon a finding of frivolity, "the district court still retains discretion to deny or reduce fee requests [by a defendant] after considering all the nuances of a particular case." *Tang,* 163 F.3d at 15; *see also Andrade,* 82 F.3d at 1193 ("the district court may deny or reduce [the attorney's fees] amount after considering the plaintiff's financial condition"). The district court "must not subject the plaintiff to financial ruin," but it "must fulfill the deterrent purpose of § 1988 . . . in discouraging plaintiffs from bringing frivolous claims." *Andrade,* 82 F.3d at 1193.

"In determining a reasonable hourly rate, the Supreme Court has recommended that courts use 'the prevailing market rates in the relevant community' as the starting point." *Id.* at 1990 (quoting *Blum v. Stenson,* 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984)). Despite the difficulty in defining such rates, the Supreme Court explained prevailing market rates to be "those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum,* 465 U.S. at 895 n. 11, 104 S.Ct. 1541; *see also Andrade,* 82 F.3d at 1190. "While an attorney may inform the court's analysis by providing evidence of her customary billing rate and of prevailing rates in the community, the court is not obligated to adopt that rate." *Andrade,* 82 F.3d at 1190. "[T]he court is entitled to rely upon its own knowledge of attorney's fees in its surrounding area in arriving at a reasonable hourly rate." *Id.* Once the court decides on an appropriate hourly rate, then "the 'lodestar' calculation, which is determined by multiplying the total number of hours reasonably spent by a reasonable hourly rate" will provide the basis for a reasonable attorney's fee. *Id.*

■ In this case, there is no doubt that defendants are the prevailing party. This court granted summary judgment in their favor based on the merits of the case, and dismissed the federal causes of action with prejudice. *See* Opinion and Order of November 5, 2007 (Docket No. 110). Defendants allege that the court should award them attorney fees because plaintiffs failed to make a *prima facie* case of political discrimination, and thus, the case was frivolous from its inception. The court agrees. Perez alleged that the defendants acted in a concerted way to give him short notice to a job interview because of his affiliation to the New Progressive Party

("NPP"). However, at the summary judgment stage, Perez proffered absolutely no evidence suggesting such a discriminatory scheme by the defendants. This court held that the mere fact that Perez is an NPP member and the person chosen for the position is a member of the opposing party, in and of itself, insufficient to support the *prima facie* case of political discrimination. In the summary judgment context, generating a triable issue of material fact requires more than merely juxtaposing a protected characteristic (i.e. one's political affiliation) with another's politics and the fact that plaintiff was treated in an unfair manner. *Gonzalez–Pina v. Rodriguez*, 407 F.3d 425, 431 (1st Cir.2005); *see also Gonzalez–De–Blasini v. Family Dep't*, 377 F.3d 81, 85–86 (1st Cir.2004) (mere fact that plaintiff was of political party different than that of incoming administration was insufficient).

Perez also alleged defendants retaliated against him in violation of his first amendment rights. However, he did not provide the court with any details about the subject of the alleged protected speech in order to allow the court to analyze whether the matter was of public concern or not. Furthermore, the circumstances that surrounded the appointments process, which Perez alleged was discriminatory in nature, did not indicate any retaliatory conduct or improper motivation on the part of the defendants; to the contrary, they clearly indicate the opposite.

Perez' final argument was that he had a property interest in interviewing for the position, and defendants' actions deprived him of said property interest. However, this court held Perez had no property interest in interviewing for the position. Perez' employer granted him an interview, and he declined to participate. Since Perez was not deprived of a constitutionally protected right, he had no cause of action for a violation of procedural due process.

Lastly, this court ordered the plaintiffs to amend their complaint and allege specific facts undertaken by defendants (Docket No. 56). However, despite amending their complaint (Docket No. 57), plaintiffs failed again to comply with Fed.R.Civ.P. 8(a).

Therefore, the aforementioned reasons, warrant awarding § 1988 attorney fees to the defendant. Plaintiff's evidence was simply non-existent, and his case was completely without foundation. This is not a case where plaintiff merely failed to prevail on his claims. It is a case where plaintiff did not come forth with any evidence, only speculation. After careful review of the documentation submitted by defendants' as to the hours spent on the case and their hourly rate, the court holds each defense attorney is entitled to payment as follows:

1. Carmen Edith Torres Rodriguez, 8 hours, at $165.00 per hour totaling $1,320.00

2. Gina Ismalia Guierrez Galang, 1 hour, at $165.00 per hour totaling $165.00

3. Johanna Emmanuelli Huertas, 98 hours, at $165.00 per hour totaling $16,170.00

4. Paralegal, 4 hours, at $80 per hour totaling $320.00

5. Pedro E. Ortiz Alvarez, 6 hours, at $200.00 per hour totaling $1,200.00

6. Heidi Caban Soto, 1 hour, at $165.00 per hour totaling $165.00.

The court in its discretion reduced the total number of hours sought by the defense attorneys (326.8) because the work could have been accomplished by only one attorney, the hours were excessive, duplicative and the issues involved in the case were not complex. The total approved attorney's fees thus amounts to $19,340.00. However, in order not to unfairly penalize plaintiff, *see Tang*, 163 F.3d at 15,

the court, in its discretion, reduces said amount to $12,000.00.

## II. Conclusion

Wherefore, defendants' motion for attorney fees (Docket No. 115) is hereby **GRANTED.** Plaintiffs are ordered to pay defendants **$12,000.00** for attorneys fees incurred in the defense of this suit, which had no foundation. This award is also entered pursuant to 28 U.S.C. § 1927[2] as this litigation certainly was unreasonable and vexatious. *See Top Entm't, Inc. v. Torrejon,* 351 F.3d 531, 534 (1st Cir.2003). Consequently, counsel shall jointly be required to satisfy the same.

**SO ORDERED.**

**2.** Section 1927 states in pertinent part:
Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.